UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

ANDREW SMALLS,

                               Plaintiff,

    -against-

RICHARD COLLINS and DAVID TETA,

                              Defendants.

-----------------------------------------------------------------------------x

**14 CIV. 02326 (CBA) (RML)**

**PROPOSED JOINT**
**PRE-TRIAL ORDER**

### i.  Parties and Counsel

Attorneys for Plaintiff:

Jon L. Norinsberg, Esq.
John J. Meehan, Esq..
Law Office of Jon L. Norinsberg
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 791-5396
Email: jon@norinsberglaw.com

Attorneys for Defendants:

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
Elissa Fudim, Sr. Counsel
Tel: (212) 356-3513
Email: efudim@law.nyc.gov

### ii.  Jurisdiction

Plaintiff's Statement:

Plaintiff Andrew Smalls is alleging that the defendants violated his constitutional rights and are thus liable under federal statute 42 USC §1983. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Defendants' Statement:

Defendants do not dispute jurisdiction.

### iii. Claims and Defenses

Plaintiff's Claims:

Plaintiff is claiming that the defendants fabricated evidence to support plaintiff's criminal prosecution, and transmitted the fabricated evidence and falsified version of events to prosecutors which resulted in plaintiff's deprivation of liberty, and caused him to be maliciously prosecuted and denied his right to a fair trial. As a result of defendants' conduct, plaintiff was incarcerated for a number of years before all charges were dismissed in 2012.

Defendants' Defenses:

Defendants deny plaintiff's allegations that they fabricated any evidence or violated plaintiff's right to fair trial, and Collins denies that he maliciously prosecuted plaintiff. Defendants assert the following defenses:

- The malicious prosecution claim has been dismissed against Teta, Smalls v. City of N.Y., 181 F. Supp. 3d 178, 188 (E.D.N.Y. 2016).

- Plaintiff may not maintain his malicious prosecution claim against Collins because: (1) Plaintiff cannot meet his burden of proving that probable cause for the prosecution was clearly lacking; (2) plaintiff cannot overcome the presumption of probable cause created by the grand jury indictment charging plaintiff with Criminal Possession of a Weapon in the Second Degree and related charges; (3) plaintiff cannot demonstrate that the prosecution was commenced or continued maliciously, and; (4) plaintiff cannot meet his burden of proving that the prosecution was favorably terminated, that is, the termination was indicative of plaintiff's innocence, insofar as the counts in the indictment charging plaintiff with criminal possession of a weapon in the second and third degrees were dismissed because the officers did not have probable cause to stop plaintiff (physical evidence suppressed), People v. Smalls, 83 A.D.3d 1103, 1103, 922 N.Y.S.2d 461, 462 (2d Dep't 2011), and the criminal trespass charge was dismissed for the same reason. See, People v. Smalls, Slip. Op., at *15 (Sup. Ct. Queens Co., Oct. 5, 2012).

- Plaintiff's fabrication of evidence/fair trial claim and/or malicious prosecution claim, to the extent that the claims are based on the reckless endangerment count in the indictment, are barred by the statute of limitations as that count was dismissed on June 3, 2008.

- Plaintiff may not maintain a fabrication of evidence/fair trial claim because neither Collins nor Teta fabricated material evidence that was likely to influence a jury and forwarded that evidence to the prosecutor.

- Defendants Collins and Teta acted reasonably in the proper and lawful exercise of their discretion, and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

- Punitive damages may not be assessed against Collins or Teta in their official capacities, and may not be assessed against them individually because their acts were not wanton and malicious.

- Plaintiff failed to mitigate his alleged damages.

- Plaintiff is collaterally estopped from re-litigating the issues found as facts in the underlying criminal case.

- Plaintiff was not deprived of his liberty during the period of time during which he was facing concurrent charges in another criminal case in connection with an unrelated homicide.

    iv.   **Damages**

Plaintiff is claiming damages for his deprivation of liberty as a result of being wrongfully incarcerated for 4.5 years. Plaintiff is also seeking damages for his deprivation of liberty that occurred when he was forced to make multiple court appearances after he was released from jail in order to defend himself against baseless charges brought by defendants. Plaintiff also seeks punitive damages against both of the individually named defendants.

    v.   **Jury or Bench Trial**

This case is to be tried before a jury. The parties estimate that the trial will take 3 - 4 days.

vi. **Consent to Trial by a Magistrate Judge**

The parties do not consent to trial by the Magistrate Judge. Parties consent to jury selection by the Magistrate Judge.

vii. **Stipulations**

viii. The parties do not stipulate to any facts.

ix. **Witnesses**

Plaintiff's Witnesses:

Plaintiff's fact witnesses (all testimony will be in person, assuming the witness is available at the time of trial):[1]

a) Plaintiff Andrew Smalls; who will testify about his observations concerning the events surrounding plaintiff's arrest.

b) Defendant David Teta; who will testify about his observations concerning the events surrounding plaintiff's arrest.

c) Defendant Richard Collins; who will testify about his observations concerning the events surrounding plaintiff's arrest.

d) Lindsay Johnson; who will testify about his observations concerning the events surrounding plaintiff's arrest.

e) Jerome Nelson; who will testify about his observations concerning the events surrounding plaintiff's arrest.

f) William Davis; who will testify about his observations concerning the events surrounding plaintiff's arrest.

g) Sabrina Davis; who will testify about her observations concerning the events surrounding plaintiff's arrest.

---

[1] Plaintiff reserves the right to call a records custodian, or clerk or employee, to authenticate or otherwise establish that any of the records identified as exhibits in this pretrial order are created and/or maintained as business records in the unlikely event that the parties cannot otherwise so agree.

  h)  Det. Regina Burgos; who will testify about her observations concerning the events surrounding plaintiff's arrest.

  i)  P.O. Senior; who will testify about her observations concerning the events surrounding plaintiff's arrest.

Plaintiff reserves the right to call any of the fact witnesses identified herein by defendants.

  <u>Defendants' Witnesses</u>:

  a)  David Teta – Defendant Teta will testify about his observations concerning the events surrounding plaintiff's arrest.

  b)  Richard Collins – Defendant Collins will testify about his observations concerning the events surrounding plaintiff's arrest.

  c)  Eric Cabrera – Cabrera is a former defendant who will testify about his observations concerning the events surrounding plaintiff's arrest.

  d)  Jessica Alvarado – Alvarado is a former defendant who will testify about her observations concerning the events surrounding plaintiff's arrest.

  e)  Brian Stamm - Stamm is a former defendant who will testify about his observations concerning the building in which plaintiff was arrested.

  f)  Det. Regina Burgos; who will testify about fingerprint identification.

Defendants reserve the right to call any of the witnesses listed on plaintiff's list of witnesses.

**x.**  **Exhibits**

<u>Plaintiff:</u>

| Exhibit | Description | Objection[2] |
|---|---|---|
| 1 | Photographs and videos of Arrest Scene and surrounding area | FRE 402, 802, 901 (defendants reserve the right to assert additional objections to the specific |

---

[2] Defendants insert a Rule 402 objection in order to reserve our right to object to the extent that plaintiff fails to introduce the document through the appropriate witness or at the appropriate time.

|    |                                                                          |                                                                                     |
|----|--------------------------------------------------------------------------|-------------------------------------------------------------------------------------|
|    |                                                                          | videos and photographs which are not separately identified)                         |
| 2  | Enlarged Map of Hammels Houses                                           | FRE 402                                                                             |
| 3  | NYPD Complaint Report                                                    | FRE 402                                                                             |
| 4  | NYPD Arrest Report                                                       | FRE 402                                                                             |
| 5  | Criminal Court Complaint                                                 | FRE 402                                                                             |
| 6  | NYPD Firearm Examination Report                                          | FRE 402                                                                             |
| 7  | Criminal Court Complaint by P.O. Collins in related arrest of Jerome Nelson | FRE 402, 403                                                                     |
| 8  | Audio file for NYPD dispatch call                                        | FRE 402                                                                             |
| 9  | Andrew Small's Certificate of Disposition                                | FRE 402                                                                             |
| 10 | Co-Arrestee Prison Pedigree Cards                                        | FRE 402                                                                             |
| 11 | Richard Collin's Memobook                                                | FRE 402                                                                             |
| 12 | Complaint Report Worksheet                                               | FRE 402, copy partly illegible, duplicative of Ex. 3                                |
| 13 | Criminal Court Complaint of Andrew Smalls and Rodney Smalls              | FRE 402, duplicative of Ex. 5                                                       |
| 14 | Criminal Court Complaint of Cedric Smalls                                | FRE 402, 403                                                                        |
| 15 | Criminal Court Complaint of Jerome Nelson                                | FRE 402, 403 (duplicative of Ex. 7)                                                 |
| 16 | Firearm Property Vouchers                                                | FRE 402                                                                             |
| 17 | Firearms Examination Report                                              | FRE 402 (duplicative of Ex. 6)                                                      |
| 18 | Hand Written Firearm Property Voucher                                    | FRE 402 (duplicative of Ex. 16)                                                     |

| 19 | Latent Print Report | FRE 402 |
| 20 | Lt. Marron Drug Possession Supporting Deposition | FRE 402 (relates to a prior arrest) |
| 21 | Medical Treatment Form | FRE 402, 403 |
| 22 | Medical Treatment of Prisoner Form 2 | FRE 402, 403(relates to a prior arrest) |
| 23 | Narrative Notes | FRE 402, 403 |
| 24 | Property Voucher | FRE 402 |
| 25 | Reginal Smalls Online Booking Worksheet | FRE 402 (relates to a prior arrest) |
| 26 | Request for Lab Examination | FRE 402 |
| 27 | P.O. Senior Memobook | FRE 402 |
| 28 | P.O. Senior Criminal Trespass Supporting Deposition | FRE 402 |
| 29 | Sprint Report | FRE 402, 403 (as incomplete) |

Defendants:

| Exhibit | Description | Objection |
| --- | --- | --- |
| A | Photographs of Gun (D 84, 264) | No objection |
| B | Photographs of Scene of Incident, including staircase and roof (DEF259-63, 265) | No objection |
| C | Voucher for Gun (D 85) | No objection |
| D | NYPD Firearm Examination Report (D 87) | No objection |
| E | NYPD Radio Run Audio Tape | No objection |
| F | Indictment (People v. Smalls, Ind. No. 221/07, (D 187-190) | No objection |
| G | Plaintiff's Rap Sheet | FRE 401, 402, 403 |
| H | People v. Smalls, 83 A.D.3d 1103, 922 N.Y.S.2d 461, 462 (2d Dep't 2011) | FRE 401, 402, 403, 802 |

| I | People v. Smalls, Slip. Op., (Sup. Ct. Queens Co., Oct. 5, 2012) | FRE 401, 402, 403, 802 |

Plaintiff reserves the right to offer and/or use at trial any exhibit listed by defendants. Plaintiff reserves the right to not use listed exhibits or to supplement this exhibit list for good cause. Plaintiff reserves the right to offer certain exhibits in redacted form.
Defendants reserve the right to offer and/or use at trial any exhibit listed by plaintiff. Defendants reserve the right to not use listed exhibits or to supplement this exhibit list for good cause. Defendants reserve the right to offer certain exhibits in redacted form.

Dated: New York, New York
August 29, 2018

John J. Meehan, Esq.
*Attorney for plaintiff*
Law Office of Jon L. Norinsberg
225 Broadway, Suite 2700
New York, New York 10007
(516) 382-2046

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
(212) 356-3513

By: _____/s/_____
       John J. Meehan

By: _____
       Elissa Fudim

SO ORDERED:

_____
HON. CAROL BAGLEY AMON, U.S.D.J.