JON L. NORINSBERG
ATTORNEY AT LAW
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com

Bronx Office                                                                                    Tel. (212) 791-5396
5938 Fieldston Road                                                                             Fax (212) 406-6890
Bronx, New York 10471                                                                 jmeehan@norinsberglaw.com

Jon L. Norinsberg
_____

John J. Meehan

May 8, 2019

**VIA ECF**
Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    ***Andrew Smalls v. City of New York., et. al.,***
               ***Docket No.: 14 Civ. 2326 (CBA)***

Your Honor:

      I represent plaintiff Andrew Smalls in the above referenced action brought pursuant to 42 U.S.C. § 1983. I write now, pursuant to the Court's Order, dated May 8, 2019, to explain why the unsealing application is proper before this Court, and not in state court. Defense counsel, Elissa Fudim, Esq., consents to this application in the interest of efficiency.

      For the reasons articulated in Magistrate Judge Gold's ruling in Bethea v. City of New York, and in the interest of judicial economy, this Court has jurisdiction to issue an unsealing Order without the need for the parties to first seek an Order in the state court. Bethea v. City of New York, 2017 WL 979030, at *4 (E.D.N.Y. Mar. 13, 2017) ("[I]t is neither efficient nor required to have plaintiffs first seek disclosure of state court grand jury materials in state court.") As the Court in Bethea explained: "I join in the view that it would be more burdensome than deferential to ask a state court to balance the competing interests of grand jury secrecy with the needs of a civil litigation that is unfamiliar to the state court and not pending before it." (Id.).

      Other courts have reached a similar conclusion. See, e.g, Rhooms v. City of New York, 2014 WL 4385856, at *1 n.2 (E.D.N.Y. Sept. 4, 2014) ("[T]his Court recently met as a group with our colleagues from the state bench of Kings County where this very issue was discussed. Overwhelmingly, if not unanimously, the state bench expressed its agreement that this Court first address such motions."); Baynes v. Ruderfer, 2017 WL 587395, at *2 (S.D.N.Y. Feb. 14, 2017) ("[U]nlike a state court supervising a grand jury, courts where civil cases are pending and in which grand jury testimony is sought to be discovered are armed with special knowledge of the status of the civil actions.").

Here, the need for this Court to issue the unsealing Order is necessitated by the fact that trial in the instant case is set to proceed next week. Without such an Order, the parties would be incapable of using many of the documents already included in their exhibit lists. While there is no doubt that the instant unsealing Order should have been made during the pendency of discovery, counsel for both sides were not on this case at the time, and in fact, plaintiff only learned of the mistaken disclosure by defense counsel yesterday, the same day as we filed the instant unsealing motion.

As such, the parties respectfully request the Court issue an Order unsealing the criminal records of plaintiff's co-defendants from the May 20, 2006 arrest, ███████████████████ ██████████████, for use in the upcoming civil rights trial set to begin on May 13, 2019.

I thank the Court for its attention to the matter.

Respectfully Submitted,

John J. Meehan

Cc: Elissa Fudim, Esq. / Brian Francolla, Esq.
    *Counsel for defendants*