# DRAFT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ANDREW SMALLS,

        Plaintiff,

  -against-                            **DRAFT JURY INSTRUCTIONS**
                                                      14-CV-2326 (CBA)(RML)
POLICE OFFICER RICHARD COLLINS
and POLICE OFFICER DAVID TETA,

        Defendants.
------------------------------------------------------x

**AMON, United States District Judge:**

      Ladies and gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case.

      My instructions will be in three parts:

      First, I will give you instructions regarding the general rules that define and govern the duties of a jury in a civil case such as this;

      Second, I will instruct you as to the legal elements of Plaintiff's claims; and

      Third, I will give you some general rules regarding your deliberations.

**I.   GENERAL INSTRUCTIONS**

  **A. Role of the Court and Jury**

      Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening statement, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. It is your duty as jurors to follow the law as I state it and to apply the law to the facts as you find them from the evidence presented. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion that you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law other than that given to you in these instructions.

If any of the lawyers has stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. And you should not single out any instruction as alone stating the law. You should consider these instructions as a whole when you retire to deliberate in the jury room.

In charging you on the applicable law, let me be clear that I am expressing no opinion about how you should decide the facts of this case. Nothing that I have said or done in the course of the trial should be taken by you as expressing any opinion about the facts. On occasion, I may have asked questions of a witness. You should attach no special significance to these because they were asked by the Court. It is your function, not mine, to determine the facts.

B. **Impartial Consideration Of The Evidence**

Under your oath as jurors, you must be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You must perform your duties as jurors

without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. All persons and entities are equal before the law.

### C. Consideration Of Each Defendant Separately

The plaintiff, Andrew Smalls, has brought claims against two defendants: Richard Collins and David Teta. In reaching your verdict, you are directed to consider whether the plaintiff has satisfied his burden of proof with respect to each of the defendants individually. That is, you could find that the plaintiff has proven his case by a preponderance of the evidence with respect to one defendant, but not with respect to the other. Your verdict as to each defendant must be determined separately with respect to that defendant, solely on the evidence, or lack of evidence, presented against that defendant.

### D. Types Of Evidence

Your verdict in this case must be based only on the evidence. The evidence upon which you are to decide the facts of this case comes in several forms: First, the sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called the witness. Second, exhibits that have been received in evidence by the Court. Third, any fact that the Court may have instructed you to accept as true. Fourth, any facts to which all the parties have stipulated. You must consider those facts as true.

Certain things are not evidence and must be disregarded by you in deciding the facts:

- Arguments, remarks, questions, and objections by the attorneys are not evidence.
- Anything said or done by the Court is not evidence.
- Obviously anything you may have seen or heard outside the courtroom is not evidence.

3

- Any evidence ordered stricken by the Court must be entirely disregarded by you in your deliberations.

There are, generally speaking, two types of evidence from which you may properly determine the facts: direct evidence and circumstantial evidence. You may use both types of evidence in reaching your verdict in this case. The law makes no distinction between direct and circumstantial evidence. Instead, it requires simply that you base your verdict on a reasonable assessment of all the evidence in the case.

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example would be the following: you come to court on a day when the weather is clear and dry. After some hours in the courtroom, a person enters through the rear door wearing a raincoat and shaking a wet umbrella. Without ever having looked outside, you might infer from these circumstances that while you were sitting in court, it had rained outdoors.

So in a trial, you are permitted to draw, from the facts as you find to have been proved, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

### E. Witness Credibility

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to

believe. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Consider each witness's appearance, conduct, intelligence, motive, state of mind, demeanor and manner on the stand. Was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony or did the witness contradict himself or herself? Did the witness appear to know what he or she was talking about and strike you as someone trying to report his or her knowledge accurately?

In addition, you may consider whether a witness had any possible bias, any relationship to a party, any motive to testify falsely or any possible interest in the outcome of the case. Such a bias or relationship does not necessarily make the witness unworthy of belief. These are just simply factors that you may consider.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from an innocent error or an intentional falsehood.

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that

one who testifies falsely about one material fact is quite likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the testimony as you deem true and disregard what you feel is false. By these processes which I have just described, you, the jury, as the sole judges of the facts, determine which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

### 1. Interested Witnesses

The plaintiff, Andrew Smalls, has testified before you, as have the defendants, Richard Collins and David Teta. As parties to the action, both plaintiff and defendants are known as "interested witnesses." An interested witness is not necessarily less believable than a disinterested witness. The fact that each is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide—from the demeanor of the witness on the stand and such other tests as your experience dictates—whether or not the testimony has been influenced, intentionally or unintentionally, by his or her interest in the outcome of the case. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of his or her testimony as you find reliable and reject such part as you find unworthy of acceptance.

### 2. Law Enforcement Witnesses

You have heard testimony from law enforcement officers. The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given

you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness and what weight, if any, it deserves.

### F. Burden Of Proof – Preponderance Of The Evidence

In a civil action such as this, the burden of proof is on the plaintiff, Andrew Smalls, to prove every essential element of his claims by a preponderance of the evidence. If the proof fails to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the defendants.

To establish something "by a preponderance of the evidence" means to prove that it is more likely so than not. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is more likely to be true than not true. A preponderance of the evidence means the greater weight of the evidence. The greater weight of the evidence does not mean the greater number of witnesses or greater length of time taken by either side, but which witnesses and evidence appeal to your minds as being most accurate and trustworthy.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, or that the evidence produced by the party having the burden of proof is outweighed by the evidence against his claim, then you must decide that issue against the party having the burden of proof. That is because the party bearing the burden of proof must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of that party—that what he claims is more likely true than not true—then the element will have been proved by a preponderance of evidence.

Some of you have heard of proof "beyond a reasonable doubt," which is the proper standard of proof for a criminal trial. However, a plaintiff in a civil case does not have to satisfy that requirement, and therefore you should put it out of your mind.

## II. SUBSTANTIVE LAW

I will now turn to the second part of this charge and instruct you on the legal elements of plaintiff's claims.

### A. Section 1983 Overview

In this case, Plaintiff Andrew Smalls, whom I will refer to simply as Plaintiff from now on, brings his claims under a statute known as Section 1983 of Title 42 of the United States Code. Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Section 1983 creates a federal remedy for persons who have been deprived by state officials of the rights, privileges, and immunities secured by the United States Constitution and federal statutes. In order to prove a claim under Section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following elements:

**First**, that the conduct complained of was committed by a person acting under color of state law;

**Second**, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

**Third**, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

If you find that the plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant, you should find that defendant liable. If you find that the plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him. Remember that the case as to each of these individual defendants must be considered separately. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to the other defendant.

I will now explain each of these three elements to you.

### 1. The First Element: "Under Color of State Law"

In this case, it is not disputed that, at the time of the events, the defendants were acting in their official capacity as New York City police officers and therefore were acting under color of state law. Accordingly, you need not consider whether this first element of a Section 1983 claim is established in this case. The parties agree that it is.

### 2. The Second Element: "Deprivation of Constitutional Right"

Now, the second element that has to be established is the deprivation of a constitutional right. In order for the plaintiff to establish this second element, he must show the following by a preponderance of the evidence:

**First**, that the defendants committed the acts alleged by the plaintiff;

**Second**, that those acts caused the plaintiff to suffer the loss of a constitutional right; and

**Third**, that in performing the acts alleged Defendants did so intentionally or recklessly.

You must consider the evidence against each Defendant individually. Each Defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendant.

I will now review the constitutional violation claimed by the plaintiff and instruct you on the law with regard to the alleged violation.

There is one alleged constitutional violation at issue in this case: that the defendant officers deprived Plaintiff of his right to a fair trial by fabricating evidence against him that he possessed a firearm. I will now instruct you on the governing law.

### a. *Commission of the Acts*

The first thing for you to determine is whether the Defendants committed the acts as alleged by Plaintiff. If you find that Plaintiff has failed to prove by a preponderance of the evidence that Defendants committed the acts alleged by Plaintiff, you must find in favor of the Defendants.

### b. *Denial of the Right to a Fair Trial*

If you determine that a Defendant committed the acts as alleged by Plaintiff, you must next determine whether that act caused Plaintiff to suffer the loss of a constitutional right.

Under the Constitution, every person has the right to a fair trial. In this case, Plaintiff alleges that he was a deprived of his right to a fair trial because defendants fabricated evidence against him. To prove a violation of this right, Plaintiff must prove, by a preponderance of the evidence, each of the following elements: (1) Defendants fabricated evidence, (2) the evidence was likely to influence a jury's verdict, (3) Defendants forwarded the evidence to prosecutors and/or a grand jury, and (4) the Plaintiff suffered a deprivation of liberty as a result.

Evidence is fabricated if it is false. A document is false if it is untrue when made and was known to be untrue when made by the person making it or causing it to be made. Fabricated evidence includes an officer's false account of his own observations of alleged criminal activity which led to an arrest. Paperwork errors, or a mere mistake or mistakes, by a police officer in making a written record is not a basis for finding a constitutional violation. Similarly, an officer's

opinions, conclusions or qualitative assessments are also not a basis for finding a constitutional violation.

The manufacture of false evidence in and of itself does not impair anyone's liberty. In order to find for plaintiff, you must find that the alleged fabrication was both material (i.e., likely to influence a jury's decision), and the proximate cause of the injury to plaintiff's liberty interest (i.e., that he suffered a deprivation of liberty as a result of the alleged fabrication of evidence). A person may suffers a liberty deprivation when he is arrested, faces trial, is convicted, or is imprisoned.

### c. *Intent / State of Mind*

If you find that the plaintiff has met his burden of establishing, by a preponderance of the evidence, that he suffered the loss of any of his constitutional rights, as a result of some action or actions of one of the defendants, then you must determine whether the plaintiff has shown that those defendants acted intentionally or recklessly by depriving him of that right or rights.

An act is intentional if it is done knowingly, that is, if it is done voluntarily or deliberately and not because of mistake, accident, or negligence. An act is done recklessly if it is done in conscious disregard of its known probable consequences.

As a matter of law, it is not necessary to find that any of the defendants had a specific intent to deprive the plaintiff of his constitutional rights. Rather, the defendants need only to have intended to commit that particular act or acts that resulted in a violation of plaintiff's constitutional rights. If you find that the defendants were acting intentionally or recklessly in committing the act, then the standard is met. To reiterate, you need not find that the defendants intentionally violated plaintiff's constitutional rights, but simply that the defendants intended to commit the acts which resulted in the alleged constitutional violation in order to satisfy this requirement.

To summarize, plaintiff has alleged a Section 1983 claim, which means that he must prove three elements, all by a preponderance of the evidence. I have discussed two of these elements with you so far. First, that each of the defendants took some action against him under color of state law, which the parties agree is established in this case. Second, that these actions deprived him of a federal right. Remember, to prove the second element, plaintiff must prove, again by a preponderance of the evidence, that first, the defendants committed the alleged acts, second, that defendants' actions deprived plaintiff of a federal right, and third, that the defendant or defendants acted intentionally or recklessly.

Now I will talk to you about the last element, which is what we call "proximate cause."

### 3. The Third Element: Proximate Cause

If you find that the plaintiff has proven that he has been deprived of one of the federal rights that I have just described, the plaintiff must then establish the last element of a claim under Section 1983, that is, he must prove, by a preponderance of the evidence, that the defendants' acts were a proximate cause of any injuries that he sustained. I will now explain what proximate cause is.

Proximate cause means that there must be a sufficient causal connection between the act of a defendant and any injury or damage sustained by the plaintiff. An act is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act. If an injury was a direct result of or a reasonably probable consequence of a defendant's act, it was proximately caused by such act. In other words, if a defendant's act had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act is the proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

**B. Damages**

If you find that the plaintiff has proven by a preponderance of the evidence the elements of one of more of his Section 1983 claims, you must also determine the damages to which the plaintiff is entitled. You should not infer that the plaintiff is entitled to damages merely because I am instructing you on how to award damages. You must decide liability first. I am instructing you on damages only so that you will have guidance should you decide that plaintiff is entitled to recovery. The burden of proving damages rests with the plaintiff.

In this case, the parties have stipulated that Plaintiff served a total of 2 years and 1 month and 14 days in jail as a result of being charged with criminal possession of a gun.

**1. Multiple Defendants**

Now, before I define the types of damages you may award, I want to discuss how you should address the fact that in this case there are multiple defendants.

You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants whom you find to be liable on that claim. Although there are two defendants in this case, it does not follow that if one is liable, the other is liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of deciding damages. If you decide that more than one defendant is jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

### 2. Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. If you find that the defendants are liable on the plaintiff claim, as I have explained it, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendants' conduct. These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damage suffered. A prevailing plaintiff is entitled to compensatory damages for the pain and suffering, mental anguish, shock and discomfort that he suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. That is, you may not simply award damages for any injury suffered by the plaintiff—you must award damages only for those injuries that are a proximate result of a defendant's violation of the plaintiff's rights.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries

that the plaintiff has actually suffered or is reasonably likely to suffer in the near future. Compensatory damages must not be based on speculation or sympathy but on the evidence presented at trial.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

If you award any damages to the plaintiff, you should not take into consideration the fees that plaintiff may have to pay his attorneys. You also should know that an award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

### 3. Punitive Damages

Whether or not you award the plaintiff compensatory damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts of a defendant were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if done with a reckless or callous disregard for the

rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that a defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that a defendant acted with malicious intent to violate the plaintiff's rights or unlawfully injure him, or if you find that a defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory damages, standing alone, are likely to deter or prevent the defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendant may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished

for his wrongful conduct, and the degree to which an award of one sum or another will deter the defendant or persons like him from committing wrongful acts in the future.

## III. CLOSING INSTRUCTIONS REGARDING DELIBERATIONS

I have now outlined for you the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room for your deliberations. I will now give you some general instructions regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

### A. Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror Number 1 to act as the foreperson. If, however, Juror Number 1 does not wish to serve as foreperson, when you go to the jury room to begin considering the evidence in this case I suggest that you first select another member of the jury to act as your foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote is not entitled to any greater weight than that of any other juror.

### B. Communication With The Court

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything else touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by the foreperson. No member of the jury should attempt to communicate with the Court except by a signed writing, and I will never communicate with any member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.

### C. Juror's Recollection Governs/Requesting Transcript

Your recollection governs. Nobody else's. I will send in all the exhibits received in evidence for you to have during your deliberations. If you wish to have any portion of the testimony repeated, you may simply indicate that in a note. I will also provide you with a copy of my jury instructions. You must consider the instructions as a whole and not single out any one instruction as stating the law. If you need further instructions on any point, send me a note.

### D. Deliberations and Unanimous Verdict

Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous. That means you must all agree.

When you are in the jury room, listen to each other and discuss the evidence and issues in the case among yourselves. It is the duty of each of you, as jurors, to consult with one another and to deliberate with a view to reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. Although you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and although each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow

jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to and regard for the opinions of each other. Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.

When you have reached a verdict, send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In no communication with the Court should you give a numerical count on where the jury stands in its deliberations.

I have prepared a verdict sheet for you to use in recording your decision. The verdict sheet contains questions to assist you in rendering a verdict. Answer each question until you are told to stop.

Now let me consult with counsel to be certain I have not overlooked any point.