

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ELISSA P. FUDIM
Senior Counsel
Phone: (212) 356-2335
Fax: (212) 356-3509
efudim@law.nyc.gov

August 9, 2019

**BY ECF**
Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Andrew Smalls v. The City of New York, et al.
     14-CV-2326 (CBA)(RML)

Your Honor:

I write to briefly reply to plaintiff's letter of today's date, in which plaintiff falsely states that Judge Koeltl "held that McDonough[1] *does not add a favorable termination element*" to a fair trial claim. Judge Koeltl did no such thing. On the contrary, Judge Koeltl found that plaintiff's criminal prosecution concluded favorably, and thus, there was no issue under McDonough or Heck[2]. "All of the misdemeanor charges against the plaintiff were dropped, including specifically the two charges as to which the alleged false evidence applied – namely the charge of leaving the scene of an incident without reporting personal injury and reckless endangerment in the second degree. Thus, her denial of the right to a fair trial claim only accrued under McDonough when her prosecution was terminated." Wellner v. City of New York, 16-cv-7032, 2019 WL 3729806, *7 (S.D.N.Y. August 9, 2019). Presumably, had Judge Koeltl found that favorable termination is not required, he would not have analyzed whether Dr. Wellner's prosecution constituted a favorable termination, which analysis he clearly did.

Moreover, the sound-bite that plaintiff quotes from Judge Koeltl's decision is, in turn, a quote from McDonough, in which the Supreme Court did indeed (as Judge Koeltl states) "make

---

[1] Referring to McDonough v. Smith, 139 S. Ct. 2149 (2019).

[2] Referring to Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

clear" that they would not discuss what constitutes a favorable termination because the plaintiff in McDonough was acquitted at trial - the quintessential definition of favorable termination.[3] But that is not the issue here. Even though the Supreme Court declined to comment upon what constitutes a favorable termination (thus leaving us, in the Second Circuit, to look to Lanning[4]), the Court was clear that favorable termination is a pre-requisite to a denial of fair trial / fabrication of evidence claim. "McDonough could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of prosecution." Id. at 7. "McDonough therefore had a complete and present cause of action for the loss of his liberty only once the criminal proceedings against him terminated in his favor." Id. at 11. "[F]avorable termination is both relevant and required". Id. at 13.

Respectfully submitted,
/s             
Elissa Fudim
Senior Counsel
Special Federal Litigation Division

---

[3] "Because McDonough's acquittal was unquestionably a favorable termination, we have no occasion to address the broader range of ways a criminal prosecution… might end favorably to the accused….. Such considerations might call for a context-specific and more capacious understanding of what constitutes 'favorable' termination for purposes of a § 1983 false-evidence claim, but that is not the question before us." McDonough, 139 S. Ct. at 2160 n.10. Defendants themselves quoted the same language from McDonough in their briefing.

[4] Referring to Lanning v. City of Glenn Falls, 908 F.3d 19, 22 (2d Cir. 2018).

2