

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELISSA P. FUDIM**
Senior Counsel
Phone: (212) 356-2335
Fax: (212) 356-3509
efudim@law.nyc.gov

March 12, 2020

**BY ECF**
Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Andrew Smalls v. The City of New York, et al.
                 14-CV-2326 (CBA)(RML)

Your Honor:

      I write in response to the Court's Order dated March 5, 2020, directing defendants to supplement their argument regarding Rule 50(b) by March 13, 2020, and further directing the parties to advise the Court, by the same date, whether this case has settled. As to the latter issue, this case has not settled.

      With respect to the procedural prong of defendants' Motion To Vacate the Jury Verdict As Contrary to the Law Established On June 20, 2019 by the Supreme Court in McDonough v. Smith, D.E. # 135 (the "Motion") that relied upon Rule 50(b), defendants supplement the Motion with the attached transcript of the parties' post-verdict colloquy with the Court. The transcript shows that at the conclusion of trial, defense counsel indicated that defendants might file a Rule 50(b) motion and explicitly reserved their right to do so. Ex. A at 35-36. While the Court instructed defense counsel that a motion under Rule 50(b) had to be filed within twenty-eight days, as the Court is aware, defendants could not file the Motion within twenty-eight days, because McDonough was not decided during that time period. However, as briefed by defendants' in their Reply Memorandum of Law (D.E. # 140), defendants' Motion should be deemed timely under Rule 50(b) because defense counsel stated an intention to move under Rule 50(b) following trial. See Defendants' Motion at 7-8, citing Meriwether v. Coughlin, 897 F.2d 1037, 1041-42 (2d Cir. 1989) and U.S.E. Telecomms. v. U.S.W. Info. Sys., 87 Civ. 2924 (KTD) (THK), 1993 U.S. Dist. LEXIS, at *16-17 (S.D.N.Y. Sept. 30, 1993).

Finally, defendants also wish to bring to the Court's attention a decision issued yesterday by Judge Abrams in the Southern District of New York, which relates to the Defendants' Motion. That decision, Daniels v. Taylor, et al., 18-CV-3717, D.E. # 79, is attached hereto as Ex. B. In Daniels, plaintiff was prosecuted for a criminal possession of a weapon in the fourth degree, and accepted an ACD in connection therewith. He brought a number of § 1983 claims against the officers who arrested and prosecuted him, including a fair trial claim. The defendants moved to dismiss the fair trial claim arguing that McDonough requires favorable termination and the acceptance of an ACD does not constitute a favorable termination under Lanning. Judge Abrams considered and discussed the various decisions that have been issued by the district courts in both the Southern and Eastern Districts of New York[1], as well as, of course, McDonough v. Smith and Heck v. Humphrey. She ultimately dismissed plaintiff's fair trial claim, finding that McDonough requires favorable termination, and that an ACD does not constitute a favorable termination under Lanning. See Ex. B at 6-11. Her analysis closely follows Judge Vitaliano's in Miller, and defendants submit the same analysis should apply to this case, and result in the Court vacating the jury's verdict.

Respectfully submitted,

Elissa Fudim
Senior Counsel
Special Federal Litigation Division

---

[1] She discussed Miller v. Terrillion, Ross v. City of New York, and Wellner v. City of New York in particular.