UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW SMALLS,

                Plaintiff,                      **NOTICE OF APPEAL**

   -against-                                    14 Civ. 02326 (CBA) (RML)

THE CITY OF NEW YORK, et. al.,

                Defendants.
------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that plaintiff hereby appeals to the United States Court of Appeals for the Second of Circuit, from the Judgment entered by the Clerk of the Court on March 16, 2020, pursuant to the Order of the Honorable Carol Bagley Amon, dated March 13, 2020, setting aside the jury's verdict in favor of Plaintiff, and entering judgment as a matter of law in favor of Defendants. A copy of Judge Amon's decision is annexed hereto as Exhibit A.

      Plaintiff is appealing all aspects of the Court's rulings on Defendant's post-trial motion to set aside the jury's verdict pursuant to Rules 50(b), 60(b) and 54(b).

Dated:  New York, New York
          March 27, 2020

                                                                                       _____
                                                                                       Jon L. Norinsberg, Esq.
                                                                                       Jon L. Norinsberg, Esq., PLLC
                                                                                       225 Broadway, Ste. 2700
                                                                                       New York, New York 10007
                                                                                       (212) 791-5396

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANDREW SMALLS,

                Plaintiff,

  -against-                          NOT FOR PUBLICATION
                                     **MEMORANDUM & ORDER**
POLICE OFFICER RICHARD COLLINS     14-CV-02326 (CBA)(RML)
and POLICE OFFICER DAVID TETA,

                Defendants.
--------------------------------------------------------x
**AMON, United States District Judge:**

       On May 20, 2019, a jury found Defendants Richard Collins and David Teta liable for violating Plaintiff Andrew Smalls's fair trial rights by fabricating evidence and awarded him $60,000 in compensatory damages. (ECF Docket Entry ("D.E.") # 130.) Before the Court are post-trial motions by both parties. Smalls moves pursuant to Rule 59 for a new trial on damages, arguing that the jury's award of $60,000 for more than two years of incarceration was grossly inadequate. (D.E. ## 132, 134.) Defendants move, pursuant to Rules 50(b), 60(b), 54(b) and the Court's inherent power, for an order vacating the judgment and granting judgment in favor of Defendants as a matter of law in light of the Supreme Court's post-verdict decision in McDonough v. Smith, 139 S. Ct. 2149 (2019). (D.E. # 135.) Defendants argue that McDonough holds that favorable termination is a condition precedent to a fair-trial claim based on fabricated evidence and that Smalls did not, and could not, establish favorable termination at trial. (D.E. # 135-1 ("Defs. Mem.") at 6–15.)

       For the reasons explained below, the Court vacates the jury verdict and enters judgment as a matter of law in favor of Defendants. Smalls's motion for a new trial on damages is denied as moot.

## BACKGROUND

On May 12, 2008, in New York Supreme Court, Queens County, Smalls was convicted of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal trespass in the third degree. People v. Smalls, 922 N.Y.S.2d 461, 462 (2d Dep't 2011). On April 26, 2011, the Appellate Division reversed the judgment of conviction and dismissed the two counts of the indictment charging Smalls with criminal possession, holding that his motion to suppress physical evidence should have been granted. Id. at 462–63. The Appellate Division reasoned that because neither Smalls nor the others in his group "engaged in suspicious behavior immediately after the [gun]shot was heard or during the three-block walk away from the general location of the gunshot, the police lacked reasonable suspicion when they pursued the four males after they fled." Id. at 463. The Appellate Division further stated that Smalls's "act of parting with the gun" was a "spontaneous reaction to th[is] sudden and unexpected pursuit by the officers." Id. In other words, the officers lacked reasonable suspicion to pursue Smalls; therefore, the firearm should have been suppressed as the fruit of the poisonous tree. As the parties stipulated at trial in the instant action, Smalls served twenty-five months and fourteen days in jail as a result of being charged with criminal possession. (D.E. # 128 ("Jury Instr.") at 13.)

On April 10, 2014, Smalls filed this action pursuant to 42 U.S.C. § 1983 alleging claims for malicious prosecution and denial of the right to a fair trial. (D.E. # 1.) Following the Second Circuit's decision in Lanning v. City of Glens Falls, which held that "a plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence," 908 F.3d 19, 22 (2d Cir. 2018), Smalls agreed to voluntarily dismiss his malicious-prosecution claim, (D.E. # 89 at 6 n.2). The parties proceeded to trial solely on the claim that Officers Collins and Teta deprived Smalls of his

right to a fair trial by fabricating evidence against him suggesting that he possessed a firearm. (See Jury Instr. at 10–11.)

Based on the law in the Second Circuit as it then existed, the Court permitted Smalls's fair-trial claim to proceed to trial, in May of 2019, (see D.E. ## 121–27), and the jury returned a verdict for Smalls, (see D.E. # 130 ("Clerk's Judgment")). The jury found both Defendants liable and awarded Smalls $60,000 in compensatory damages. (Id.; D.E. # 129.) Shortly thereafter, on June 18, 2019, Smalls timely moved for a new trial on damages, pursuant to Federal Rule of Civil Procedure 59. (D.E. # 132.) On June 20, 2019, the Supreme Court issued its decision in McDonough, reversing the Second Circuit, and Defendants filed the instant motions on the following day. (D.E. # 135.)

## STANDARD OF REVIEW

Defendants move pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and invoke the Court's inherent power. Federal Rule of Civil Procedure 54(b) provides, in relevant part:

> any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities.

Fed. R. Civ. P. 54(b).

"The Court has authority under Fed. R. Civ. P. 54(b), as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment." Smith v. Town of Hempstead Dep't of Sanitation Sanitary Dist. No. 2, Bd. of Comm'rs, 982 F. Supp.2d 225, 230 (E.D.N.Y. 2013) (quoting Richman v. W.L. Gore & Assocs., 988 F. Supp. 753, 755 (S.D.N.Y. 1997)). A judgment is not final if a motion under Rule 50(b), 52(b), or 59 has been timely filed. Weyant v. Okst, 198 F.3d 311, 315 (2d Cir. 1999). Here, as Smalls conceded at oral argument,

3

final judgment has not been entered in this case because his timely Rule 59 motion divested the judgment of finality.

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); accord In re Ski Train Fire, 224 F.R.D. 543, 548 (S.D.N.Y. 2004). Courts in this Circuit have granted motions for reconsideration when there has been an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision. In Berman v. New York State Public Employee Federation, for example, the district court granted plaintiff's motion for reconsideration of its prior decision after the Supreme Court overruled a case that had been central to the prior decision. 2019 WL 1472582, *2–3 (E.D.N.Y. Mar. 31, 2019). See also Filler v. Hanvit Bank, 2003 WL 21729978, at *1 (S.D.N.Y. July 23, 2003) (vacating prior orders where a recent Supreme Court decision altered the outcome); Richman, 988 F. Supp. at 758–59 (modifying a prior decision where a Supreme Court decision constituted an intervening change in controlling law). Smalls offers no meaningful reason why Rule 54(b) does not apply in this case. Because Defendants' motion is properly brought under Rule 54(b), the Court need not address the applicability of the other rules relied upon by the Defendants.

## DISCUSSION

### I. Defendants' Motions Are Properly Brought Under Rule 54(b)

For the reasons discussed herein, the Court holds that the Supreme Court's decision in McDonough constitutes an intervening change in controlling law warranting reconsideration of its prior orders. More specifically, had the Supreme Court issued its ruling in McDonough prior to

trial, this Court would have dismissed Smalls's fair-trial claims because he could not have established favorable termination at trial.

## II. Favorable Termination Requirement

Here, Defendants argue that an intervening change in controlling law occurred in June 2019, when the Supreme Court issued its decision in McDonough, 139 S. Ct. 2149. McDonough held that the statute of limitations on a fair-trial claim based on fabricated evidence does not begin to run until "the criminal proceeding has ended in the [accused's] favor, or a resulting conviction has been invalidated within the meaning of Heck[ v. Humphrey, 512 U.S. 477, 486–87 (1994)]." 139 S. Ct. at 2158.

Although the issue presented in McDonough was the accrual date of a fair-trial claim under 28 U.S.C. § 1983, the opinion's reasoning strongly suggests that the Supreme Court would hold that favorable termination is a requirement of a fair-trial claim, at least in cases in which the plaintiff alleges a deprivation of liberty resulting from the use of fabricated evidence in a criminal proceeding. In particular, the Supreme Court observed that McDonough's fair-trial claim "implicates the same concerns" as those that animate the favorable-termination requirement in the malicious-prosecution context—namely, the risk of parallel litigation and conflicting judgments, and the possibility of collateral attacks on criminal judgments through civil litigation. Id. at 2156–57. Accordingly, the Court reasoned that "it makes sense to adopt the same rule"—i.e., favorable termination—for McDonough's fair-trial claim. Id. at 2157. Although the Supreme Court noted that "[o]ne could imagine a fabricated-evidence claim that does not allege that the violation's consequence was a liberty deprivation occasioned by the criminal proceedings themselves," and therefore may not require favorable termination to be satisfied, those were not the circumstances in McDonough's case. Id. at 2160. In other words, although the Court did not necessarily impose

5

a favorable termination requirement on all fair-trial claims, the Court strongly suggests that favorable termination is a requirement for fair-trial claims like McDonough's—and like Smalls's—that allege a deprivation of liberty resulting from the use of fabricated evidence in a criminal proceeding.

In addition to the Court's reasoning, considerable dicta in McDonough supports this interpretation of the opinion. See id. at 2154–55 ("The statute of limitations for a fabricated-evidence claim like McDonough's does not begin to run until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in his favor."), at 2156 ("McDonough could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution."), at 2159 ("McDonough therefore had a complete and present cause of action for the loss of his liberty only once the criminal proceedings against him terminated in his favor."), at 2160 ("Heck explains why favorable termination is both relevant and required for a claim [like McDonough's fair-trial claim] analogous to malicious prosecution that would impugn a conviction . . . .").

Given its recency, few courts in this Circuit have had occasion to consider whether McDonough should be construed as imposing a favorable termination requirement for § 1983 fair-trial claims, at least in cases in which the plaintiff has suffered a deprivation of liberty as a result of the use of fabricated evidence in a criminal proceeding. Those that have, however, have held or at least suggested that it should be construed as imposing such a requirement. See Miller v. Terrillion, 16-cv-52 (ENV) (RLM), 2020 WL 549356, at *4 (E.D.N.Y. Jan. 30, 2020) ("[Plaintiff] alleges that the criminal proceedings against him were founded upon fabricated evidence. Inescapably, such [an] allegation falls within McDonough's holding, and, consequently, his fair trial claim has not accrued unless and until his criminal proceedings terminated in his favor.");

6

Goldring v. Donawa, 16-cv-5651 (KAM) (LB), 2019 WL 4535507, at *4 (E.D.N.Y. Sept. 19, 2019) ("The Supreme Court has held that a plaintiff '[cannot] bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution[,]' at which time the claim accrues. . . . As explained above, plaintiff has not received a favorable termination under Second Circuit case law and, therefore, cannot maintain a § 1983 action for an unfair trial.") (first and second alterations in original) (citations omitted); Breton v. City of New York, 404 F. Supp. 3d 799, 815 n.2 (S.D.N.Y. 2019) ("The Supreme Court recently held that a claim for the denial of a fair trial based on fabricated evidence does not accrue until the criminal proceedings terminate in favor of the plaintiff. As explained above, the plaintiff has sufficiently alleged that the criminal proceeding terminated in his favor.") (internal citation omitted); McKenzie v. City of New York, 17-cv-4899 (PAE), 2019 WL 3288267, at *16 (S.D.N.Y. July 22, 2019) ("Section 1983 claims for fabrication of evidence cannot be brought 'prior to favorable termination of [a plaintiff's] prosecution.'") (alteration in original) (quoting McDonough, 139 S. Ct. at 2156)).

Smalls's arguments that McDonough should be construed otherwise are unpersuasive. First, Smalls points out that the McDonough Court focused solely on the date of accrual for a fabricated-evidence claim under § 1983, and "made clear that it was not deciding the issue of what constitutes a 'favorable termination' . . . for all fabricated evidence claims, but rather, only for the fabricated evidence claim before it." (Pl. Opp'n at 5–6 (emphasis in original).) Smalls quotes the following language from McDonough:

> Because McDonough's acquittal was unquestionably a favorable termination, we have no occasion to address the broader range of ways a criminal prosecution (as opposed to a conviction) might end favorably to the accused. Cf. Heck, 512 U. S., at 486–487. To the extent Smith argues that the law in this area should take account of prosecutors' broad discretion over such matters as the terms on which pleas will be offered or whether charges will be dropped, those arguments more properly bear on the question whether a given resolution should be understood as favorable or not. Such considerations might call for a context-specific and more capacious

7

understanding of what constitutes "favorable" termination for purposes of a § 1983 false-evidence claim, but that is not the question before us.

(Id. (quoting McDonough, 588 U.S. at 14 n.10) (emphasis supplied by Smalls).)

Smalls is correct that the McDonough Court observed that it had "no occasion to address the broader range of ways a criminal prosecution (as opposed to a conviction) might end favorably to the accused." McDonough, 577 U.S. at 14 n.10. This was because in McDonough, the petitioner was acquitted and there was therefore no question that the prosecution had terminated in his favor. However, simply because the McDonough Court did not address the broader range of ways that favorable termination could be satisfied, other than via acquittal, does not suggest that it did not intend to make favorable termination a requirement. Indeed, implicit in the language quoted by Smalls is that favorable termination is a requirement; the relevant inquiry is simply whether the manner in which Smalls's proceedings terminated was favorable.

Smalls next argues that the term "favorable termination" in McDonough "does not refer to an element of a Section 1983 claim" but rather "refers to the accrual rule set forth in Heck v. Humphrey." (Pl. Opp'n at 6–7.) Put another way, Smalls argues that "favorable termination," as used in McDonough, is "a procedural bar that must be removed before a Section 1983 claim can be filed," rather than an "element" of the claim. (Id. at 7.) However, whether "favorable termination" is conceived of as a requirement of a fair-trial claim or as a "procedural bar that must be removed" before the claim can be asserted is immaterial if Smalls cannot satisfy or remove it. (For the reasons discussed in section III, infra, he cannot.)

Finally, in a letter supplementing his briefing, Smalls informs the Court that the Honorable John G. Koeltl specifically addressed the argument raised by Defendants in this action, in Wellner v. City of New York, et. al., 393 F. Supp. 3d 388, 390 (S.D.N.Y. 2019), reconsideration denied, 16-cv-7032 (JGK), 2019 WL 5538064 (S.D.N.Y. Oct. 25, 2019). (D.E. # 142 ("Pl. Supp.").)

8

According to Smalls, <u>Wellner</u> "held that <u>McDonough</u> <u>does not add a favorable termination element</u>, and a fair trial claim can even proceed 'despite the existence of some conviction.'" (<u>Id.</u> (emphasis in original).) In support of this characterization, Smalls quotes the following language from <u>Wellner</u>:

> The defendants next argue that the recent Supreme Court decision <u>McDonough v. Smith</u>, 139 S. Ct. 2149 (2019), adds an element to a claim for the denial of the right to fair trial—namely, that the prosecution against the accused must end in the accused's favor. . . . <u>McDonough</u>, however, offered no occasion to determine whether a plaintiff could pursue a fabricated evidence claim despite the existence of some conviction. The Supreme Court was clear on this issue.

(<u>Id.</u> (quoting <u>Wellner</u>, 393 F. Supp. 3d at 396–97).[1])

Smalls is correct to point out that <u>Wellner</u> acknowledges that a fair-trial claim based on fabricated evidence can proceed, post-<u>McDonough</u>, despite the existence of some conviction, under certain circumstances. However, Smalls errs in his assertion that <u>Wellner</u> "held that <u>McDonough</u> does not add a favorable termination element." (Pl. Supp. (emphasis omitted).) It did not. Given the apparent misunderstanding, it is worth reviewing the relevant facts and reasoning of <u>Wellner</u> in greater detail.

First, the plaintiff in <u>Wellner</u> had no criminal conviction. Rather, she was initially charged with four misdemeanors and reached an agreement to plead guilty only to the offense of disorderly conduct—specifically, obstructing pedestrian traffic—which is not considered a crime. <u>Wellner</u>, 393 F. Supp. 3d at 396. Second, the allegedly fabricated evidence applied only to her misdemeanor charges, which were dropped, not to the disorderly conduct offense to which she pleaded guilty. <u>Id.</u> at 397. In light of these circumstances, the court held that Wellner's conviction—a noncriminal conviction that was not the subject of her fair-trial fabricated-evidence claim—did not

---

[1] Smalls slightly misquotes <u>Wellner</u>: the word "however" in Smalls's quotation, above, is in fact "therefore" in the <u>Wellner</u> decision. See <u>Wellner</u>, 393 F. Supp. at 397.

9

preclude her from bringing said fabricated-evidence claim. The court reasoned that her fair-trial claim "in no way seeks to recover damages, in violation of Heck, for a wrongful conviction or resulting imprisonment," and is a "paradigm case where her claim does not question the validity of her conviction for the 'offense' of disorderly conduct." Id. In contrast to Wellner, Smalls does seek to recover damages for his imprisonment for criminal charges, and it is those criminal charges that are the subject of his fabricated-evidence claims.

Finally, contrary to Smalls's assertion, Wellner did not hold that McDonough "does not add a favorable termination element." Rather, the court was clear that Wellner's fair-trial claim, related to her dropped misdemeanor charges, "only accrued under McDonough when her prosecution was terminated." Id. In short, Smalls misconstrues Wellner's holding and reasoning as it pertains to McDonough.[2]

In sum, because (1) the Supreme Court strongly suggests in McDonough that favorable termination is a condition precedent to a fair-trial claim, at least in cases, as here, in which the plaintiff has suffered a deprivation of liberty as a result of the use of fabricated evidence in a criminal proceeding; (2) multiple courts in this Circuit have construed it as imposing such a requirement; and (3) Smalls's arguments that it should not be construed as such are unpersuasive; the Court holds that, post-McDonough, Smalls must be able to establish favorable termination in order to bring his fair-trial claims.

---

[2] In a more recent decision, Judge Koeltl once again suggests that favorable termination is a requirement of a fair-trial claim based on fabricated evidence. More specifically, in a ruling on defendants' motion for judgment on the pleadings, he found that plaintiff had sufficiently alleged that this requirement was satisfied. Breton, 404 F. Supp. 3d at 815 n.2 ("The Supreme Court recently held that a claim for the denial of a fair trial based on fabricated evidence does not accrue until the criminal proceedings terminate in favor of the plaintiff. . . . [T]he plaintiff has sufficiently alleged that the criminal proceeding terminated in his favor.").

### III. Smalls Cannot Satisfy Favorable Termination

The Court next turns to whether Smalls did, or could have, satisfied this requirement at trial. For the reasons set forth below, the Court holds that Smalls could not have done so.

#### A. Favorable Termination Standard

The first question is what standard applies. Defendants assert that, post-<u>McDonough</u>, the favorable termination standard for purposes of a fair-trial claim is the same as that for a malicious-prosecution claim—namely, as set forth by the Second Circuit in <u>Lanning</u>, the plaintiff must demonstrate that "the underlying criminal proceeding ended in a manner that affirmatively indicates [plaintiff's] innocence." (Defs. Mem. at 2 (quoting <u>Lanning</u>, 908 F.3d at 22); see also <u>id.</u> at 9 ("[T]he definition of favorable termination for purposes of a fair trial claim should be identical to the definition of favorable termination for purposes of common law malicious prosecution . . . .").) Smalls argues that, assuming <u>arguendo</u> that <u>McDonough</u> imposes a favorable termination requirement, his prosecution ended favorably—although it is not altogether clear from his papers what standard he asserts should apply.

The Second Circuit has not yet addressed this question.[3] However, multiple courts in this Circuit appear to assume that, post-<u>McDonough</u>, the standard for favorable termination in the context of a fair-trial claim is the same as that for a malicious-prosecution claim. In <u>Goldring</u>, for example, the plaintiff brought both malicious-prosecution and fair-trial claims. 2019 WL 4535507. The district court found that plaintiff had not received a favorable termination affirmatively indicating his innocence, and accordingly granted defendants' motion for summary judgment on plaintiff's malicious-prosecution claim. <u>Id.</u> at *3–4. After noting that the Supreme Court in <u>McDonough</u> had analogized McDonough's fair-trial claim to a malicious-prosecution

---

[3] This is, of course, because prior to the Supreme Court's decision in <u>McDonough</u>, the Second Circuit had held that favorable termination was not a condition precedent to a fair-trial claim. See <u>McDonough</u>, 898 F.3d at 265.

11

claim, the court reasoned that because plaintiff had not established favorable termination for purposes of his malicious-prosecution claim, he "therefore[] cannot maintain a § 1983 action for an unfair trial," either. Id. Other courts have employed similar reasoning. See Hincapie v. City of New York, 18-cv-3432 (PAC), 2020 WL 362705, at *4–8 (S.D.N.Y. Jan. 22, 2020) (holding that plaintiff had adequately alleged favorable termination for purposes of his malicious-prosecution claim and then rejecting defendant's argument that McDonough barred the plaintiff's fair-trial claim, reasoning that "the Court has already determined that [plaintiff] has adequately alleged a favorable termination (see supra); and it need not decide the issue again"); Breton, 404 F. Supp. 3d at 815 n.2 (rejecting defendants' motion to dismiss plaintiff's fair-trial claim and reasoning, in part, that because the court had found favorable termination for purposes of plaintiff's malicious-prosecution claim, the plaintiff had "sufficiently alleged that the criminal proceeding terminated in his favor" for purposes of his fair-trial claim, as well); but see Ross v. City of New York, 17-cv-3505 (PKC) (SMG), 2019 WL 4805147, at *8 (E.D.N.Y. Sept. 30, 2019) (holding that, although an adjournment in contemplation of dismissal ("ACD") has not been considered a favorable termination in this Circuit in the context of malicious-prosecution claims, an ACD did not preclude the plaintiff's fair-trial claim); Colon v. City of Rochester, 17-cv-6160L, 2019 WL 6629276, at *15–16 (W.D.N.Y. Dec. 6, 2019) (citing Ross and holding that, because the charges against plaintiffs were either dismissed outright or resolved through an ACD, plaintiffs' fair-trial claims were not precluded).

Finally, McDonough itself analogizes extensively to common-law malicious prosecution, in its analysis of McDonough's fair-trial claims. See, e.g., 139 S. Ct. at 2156–57 ("McDonough is correct that malicious prosecution is the most analogous common-law tort here. . . . We follow the analogy where it leads: McDonough could not bring his fabricated-evidence claim under

§ 1983 prior to favorable termination of his prosecution. . . . Because a civil claim such as McDonough's, asserting that fabricated evidence was used to pursue a criminal judgment, implicates the same concerns, it makes sense to adopt the same rule.").

The McDonough Court did indicate, however, that the "question whether a given resolution should be understood as favorable or not" in the context of a fabricated-evidence claim "might call for a context-specific and more capacious understanding of what constitutes 'favorable' termination." Id. at 2160 n.10. In particular, "the question whether a given resolution should be understood as favorable or not," for purposes of a § 1983 fabricated-evidence claim, might properly "take account of prosecutors' broad discretion" over the circumstances under which a prosecution is terminated, such as "the terms on which pleas will be offered or whether charges will be dropped." Id. Smalls's case did not involve such exercising of prosecutorial discretion through guilty pleas or dropped charges, however. For all of the above reasons, the Court assumes that the standard for assessing favorable termination for purposes of Small's fair-trial claim in this case is the same as that for malicious prosecution.

B. Smalls Cannot Satisfy Favorable Termination Here

The relevant circumstances of Smalls's criminal prosecution and its termination are as follows. Smalls was indicted, tried, and convicted by a jury in New York Supreme Court, Queens County, of criminal trespass and criminal possession of a weapon in the second and third degrees. The Appellate Division vacated the possession convictions on the ground that the gun recovered should have been suppressed at the Mapp hearing, and it remitted to the Supreme Court for a new trial on the criminal trespass charge. See Smalls, 922 N.Y.S.2d at 462–63. The Appellate Division reasoned that because neither Smalls nor the others in his group "engaged in suspicious behavior immediately after the [gun]shot was heard or during the three-block walk away from the general

location of the gunshot, the police lacked reasonable suspicion when they pursued the four males after they fled." Id. at 463. In other words, the officers lacked reasonable suspicion to follow Smalls; therefore, the firearm should have been suppressed as the fruit of the poisonous tree. On remand, the trial court dismissed the remaining criminal trespass charge because the officers' observations of Smalls's entry into and presence in the building were similarly suppressed. People v. Smalls, Ind. 221/2007, Slip. Op., at *12 (Sup. Ct., Queens Co., Oct. 5, 2012).

Based on the above circumstances and applying the standard for favorable termination set forth in Lanning, the Court holds that Smalls did not, and could not, establish favorable termination at trial. First, as Defendants correctly point out, a number of analogous cases in this Circuit have found that the termination of a criminal prosecution was not favorable when it was based on suppression of evidence. See Gonzalez v. City of Schenectady, 728 F.3d 149, 162 (2d Cir. 2013) (affirming a district court's order dismissing plaintiff's malicious-prosecution claim where plaintiff's conviction was reversed by the Appellate Division based on evidence that should have been suppressed, and reasoning that "the officers found crack cocaine in [the plaintiff's] rectum, eliminating any doubt that [the plaintiff] was, in fact, guilty of at least criminal possession of a controlled substance."); Beaudry v. McKnight, 2:17-cv-23, 2019 WL 1296628 at *11 (D. Vt. Mar. 21, 2019) ("[D]ismissal for lack of evidence following a successful suppression motion is not a 'favorable termination.'"); Graham v. City of N.Y., 16-cv-4613 (NGG) (CLP), 2018 WL 1157818, at *6 (E.D.N.Y. Mar. 2, 2018) ("[T]he reversal of Plaintiff's conviction was due to a determination by the appellate court that the evidence leading to his conviction should have been suppressed. . . . [T]his reversal was based on 'technical error at the trial level,' something that cannot support a favorable termination."); Harris v. City of N.Y., 15-CV-6467 (MKB), 2017 WL 59081 at *4 (E.D.N.Y. Jan. 4, 2017) ("[A] dismissal . . . because evidence is suppressed, particularly when the

evidence was suppressed on appeal, is not a favorable termination."); Peters v. City of N.Y., 14-cv-1361 (ERK), 2015 WL 3971342, at *2 (E.D.N.Y. June 30, 2015) ("[T]he claim for malicious prosecution fails because the charges against [the plaintiff] were dismissed as a result of the suppression of the evidence found on [the plaintiff's] person and in his apartment."); see also Defs. Mem. at 12–13 & n.9 (citing cases, including in other Circuits, in which a dismissal based upon suppression of evidence was held not to be a favorable termination).

As Defendants acknowledge, however, the district court in Blount v. City of New York declined to categorically rule that a dismissal based on the suppression of evidence can never be a favorable termination. 15-cv-5599 (PKC) (JO), 2019 WL 1050994, at *2–4 (E.D.N.Y. Mar. 5, 2019). Rather, the court held that it needed to look into the nature of the suppression to determine whether the particular facts affirmatively indicated the plaintiff's innocence. Id. at *3. In doing so, the court found that the circumstances of the suppression did indeed affirmatively indicate the plaintiff's innocence, for one of his arrests. Id. at *3–4. The evidence for this arrest was suppressed after the state court found that the sole witness at the suppression hearing, the arresting detective, lacked credibility, and further found that the record in the case was "completely devoid of any information or evidence tending to support, even by reasonable inference, the detective[']s conclusion that he observed defendant engage in conduct associated with the 'telltale signs' of a drug transaction." Id. (citations omitted). The district court concluded that, "[b]ased on the reasons given by the state court in its suppression order, coupled with the fact that Plaintiff has maintained his innocence of all charges throughout the prosecution and subsequent civil proceedings, the Court finds that affirmative indications of innocence exist surrounding the dismissal of the prosecution stemming from Plaintiff's . . . arrest." Id. at *4. Accordingly, the court held that the prosecution was terminated in plaintiff's favor. Id. In short, the court held that

15

in those circumstances, dismissal of the prosecution after the suppression of evidence did affirmatively indicate the plaintiff's innocence. Id.[4]

Unlike in Blount, the circumstances of the suppression of evidence in Smalls's case did not indicate his innocence of gun possession. Here it bears noting that the jury below in convicting Smalls of criminal possession of a weapon in the second and third degrees found that he possessed the gun.[5] Smalls, 922 N.Y.S.2d at 462. The reasoning of the Appellate Division's decision did not undermine that factual finding; in fact, it assumed he did possess the gun in describing, for example, Smalls's "act of parting with the gun" upon pursuit by the officers. Id. at 463. Rather, the court decided that the gun should be suppressed because the officers lacked reasonable suspicion to follow Smalls. Therefore, here, the circumstances of the suppression of evidence, which led to the termination of Smalls's underlying prosecution, did not "affirmatively indicate his innocence." Accordingly, Smalls could not establish favorable termination in this case.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' motions, vacates the jury

---

[4] Blount includes as part of its analysis a discussion of the Court's previous decision in this action, granting and denying in part Defendants' motion to dismiss. 2019 WL 1050994, at *3 (citing Smalls v. City of New York, 181 F. Supp. 3d 178 (E.D.N.Y. 2016)). Blount characterizes this prior decision as follows: "the court found a favorable termination where the plaintiff's conviction for weapon possession was reversed based on the failure to suppress improperly obtained evidence." Id. at *3. Critically, however, the Court ruled on Defendants' motion to dismiss prior to the Second Circuit's decision in Lanning (and, of course, prior to the Supreme Court's decision in McDonough). The Honorable Eric N. Vitaliano, to whom this case was then assigned, stated that it was essential to his holding that the standard for favorable termination did not require that the termination of the prosecution "affirmatively demonstrate the accused's innocence." Smalls, 181 F. Supp. 3d at 188. Lanning clarified that affirmative indications of innocence was in fact the appropriate standard. See Lanning, 908 F.3d at 28 (citing, e.g., Gonzalez, 728 F.3d at 162). And indeed, shortly after the standard was clarified in Lanning, Smalls voluntarily dismissed his malicious-prosecution claim. (D.E. # 89 at 6 n.2 (stating that "[b]ased upon the Second Circuit's recent decision in Lanning[]," Smalls would "voluntarily dismiss his malicious prosecution claim").)

[5] In his opposition brief, Smalls asserts that a jury "specifically found that [he] did not possess the firearm." (Pl. Opp'n at 9.) Smalls apparently refers to the jury's finding, in the instant federal action, that Defendants had fabricated evidence. The jury did not, however, "specifically f[i]nd that [Smalls] did not possess the firearm," as he contends. Rather, the jury found that Defendants had fabricated evidence, and it is unclear which piece of evidence they believed was fabricated. At trial, Smalls argued, inter alia, that Defendants fabricated evidence concerning what Smalls was wearing, where he was arrested, and where the gun was recovered. In any event, the finding by the jury in the instant action is not relevant to the inquiry into whether the underlying criminal proceeding terminated in Smalls's favor.

verdict, and enters judgment as a matter of law in favor of Defendants. Plaintiff's motion for a new trial on damages is denied as moot. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: March 13, 2020
       Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge